UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>SEARCH WARRANTS | NO: CV-11-340-RMP<br><br>ORDER ADDRESSING MOTIONS |

This matter comes before the Court on *pro se* motions, ECF Nos. 2, 3, and 4, by Louis Daniel Smith, Matthew Darjany, and Chris Olson, respectively, to quash warrants and secure the return of property seized in the execution of those warrants against three Spokane, Washington, properties in connection with a criminal investigation by the United States Food and Drug Administration ("FDA"), and on *pro se* motions by Mr. Smith for leave to file a motion for return of property based upon new evidence, ECF No. 20, for "immediate return of all property based upon new evidence," ECF No. 21, for reconsideration of a portion of the Court's prior order at ECF No. 19, ECF No. 24, to "hold evidence seized from 78 parcels pending criminal investigation of agents and actors or to compel the return of items seized for failure to establish probable cause of Title 11 violations," ECF No. 25

ORDER ADDRESSING MOTIONS ~ 1

1  (underlining removed), and to "strike U.S.A. pleadings, arguments, and witness

2  testimony for lack of standing" and for default judgment, ECF No. 37.

## BACKGROUND

4  The facts and procedural history of this matter are set forth in the Court's

5  order at ECF No. 19, denying in part and withholding ruling in part on the

6  Movant's motions for return of property, ECF Nos. 2, 3, and 4.  Therefore, the

7  Court does not repeat the facts here except where necessary for the following

8  analysis.

## ANALYSIS

### Motion to Strike Submissions for Lack of Standing

11  As a preliminary matter, the Court notes that Mr. Smith filed an "objection

12  to unnecessary delay" in resolving the Movants' pending motions.  ECF No. 44.

13  While the Court understands Mr. Smith's eagerness to secure return of his and the

14  other Movants' property, Mr. Smith's motion to strike all submissions, arguments,

15  and proffered witness testimony by the government for lack of standing, ECF No.

16  37, was not noted for hearing until March 13, 2012, and, by the nature of the

17  argument it raises, requires resolution before the other seven pending motions in

18  this case.

19  In his motion to strike for lack of standing, ECF No. 37, Mr. Smith disputes

20  whether the "United States" and the "United States of America" are "legally one

21  and the same."  ECF No. 39 at 2.  Mr. Smith also argues that neither the "United

ORDER ADDRESSING MOTIONS ~ 2

States of America" nor the "United States" is a proper party in this civil action and is instead a "third party interloper" because the Movants did not bring a claim against the government or ask the government to appear in this action. ECF No. 37 at 2 (underlining emphasis of "third party interloper" removed).

The Movants seek return of property seized pursuant to warrants secured in the course of a criminal investigation by the United States Food and Drug Administration. Shortly after the Movants filed their motions for return of property, ECF Nos. 2, 3, and 4, Christopher Parisi, Trial Attorney for the United States Department of Justice, Criminal Protection Branch, entered a notice of appearance on behalf of the federal government. ECF No. 9. In that notice of appearance, Mr. Parisi refers to the government alternatively as the "United States" or the "United States of America." ECF No. 9 at 1.

The "United States" and the "United States of America" are interchangeable names for the same entity. *See United States v. Stout*, 74 Fed. Appx. 628, 629 (7th Cir. 2003) ("[T]he terms 'United States of America' and 'United States' are used interchangeably, *see generally, e.g.,* U.S. Const. pmbl, and [defendant's] argument is a nonsensical exercise in semantics") (citing *United States v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002) (argument that the Department of the Treasury and the Treasury Department are separate entities "strains credulity")).

Moreover, when an individual brings a motion seeking return of property seized by the United States[1], the United States may respond. *See, e.g., United States v. Ibrahim*, 522 F.3d 1003 (9th Cir. 2008) (concluding that a district court may treat the government's opposition to a complaint seeking return of property as a motion for summary judgment and treating as a non-issue the fact that the government filed a brief opposing the complaint for return of property). Although Mr. Smith and his fellow Movants did not name the United States as a defendant or respondent in their complaint, they are seeking equitable relief in the form of return of property seized by, and still in the possession of, the United States, and, therefore are, pursuing an action "against the United States." *Bertin v. United States*, 478 F.3d 489 (2d Cir. 2007). In conclusion, there is no issue of standing here, so the Court **denies** Mr. Smith's motion to strike submissions for lack of standing, **ECF No. 37**.

**Motions for Return of Property**

The Movants seek return of the seized property under Federal Rule of Criminal Procedure 41(g). ECF Nos. 2, 3, 4, & 25. Rule 41 governs the issuance, contents, execution, and return of search warrants in federal criminal cases. Fed. R. Civ. P. 41. Rule 41(g) "provides a judicial procedure by which any person,

---

[1] The Court uses "United States" for brevity and in light of its conclusion that "United States" and "United States of America" are interchangeable.

ORDER ADDRESSING MOTIONS ~ 4

including those not accused of federal offenses, may seek to recover property that has been seized by federal agents." *United States v. Hall*, 269 F.3d 940, 941 (8th Cir. 2001). Specifically, Rule 41(g) states, in relevant part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

A district court may exercise equitable discretion to hear a Rule 41(g) motion before an indictment is filed. However, before assuming jurisdiction over the civil equitable proceeding, the district court must exercise caution and restraint and must consider the following four factors:

> 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance.

*Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993).

If the Court determines that the "'balance of equities tilts in favor of reaching the merits of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion." *United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005). If the Court reaches the merits of a pre-indictment motion for return of property, the Court must determine whether the Movants have shown that the seizure of their property was illegal and that they are entitled to lawful possession of their property. *United States v. Martinson*, 809 F.2d 1364 (9th Cir.

ORDER ADDRESSING MOTIONS ~ 5

1987) ("When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the seizure was illegal and that he or she is entitled to lawful possession of the property.").

The Court previously determined that the balance of the *Ramsden*, 2 F.3d at 325, factors was unclear based on the parties' submissions, so the Court held a hearing on February 2, 2012, in Spokane, Washington. *See* ECF No. 19 (Order denying in part and withholding ruling in part on Movants' motions for return of property at ECF Nos. 2, 3, & 4); ECF No. 31 (Hearing Transcript). Mr. Smith appeared on his own behalf, and Christopher Parisi, Assistant United States Attorney for the United States Department of Justice, Consumer Protection Bureau, appeared on behalf of the Government. The Court heard argument from Mr. Smith and from Mr. Parisi, and witness testimony from Special Agent Dali Borden of the Food and Drug Administration. *See* ECF No. 31. On the witness stand, under oath, Agent Borden recounted the steps taken to date of the hearing in the investigation of which the seizure of Movants' property formed a part. ECF No. 31 at 6-13.

The Court now has reviewed the *Ramsden*, 2 F.3d at 325, factors in light of the information provided at the hearing. The first factor, callous disregard by the government, weighs heavily against the Court's assuming jurisdiction because the government does not appear to have displayed callous disregard for the Movants'

ORDER ADDRESSING MOTIONS ~ 6

rights. To the contrary, the government acted pursuant to search warrants in obtaining the property sought to be returned.

The second and third factors, interest and need in the seized property and irreparable injury without return of the property, weigh more in favor of the Movants than the government, but not decidedly so. The record is not entirely clear with respect to which Movant has an individual interest and need in which property. Mr. Smith, who was the only Movant to appear at the hearing, seeks return of all of the property seized pursuant to all of the warrants at issue, including the property contained in parcels at the U.S. Post Office, but Mr. Darjany and Mr. Olson apparently seek return only of property seized from their places of business. *Compare* ECF No. 4 & 25 *with* ECF Nos. 2 & 3. Without deciding whether Mr. Smith has standing to claim an interest in property seized from other Movants, the Court finds that it is undisputed that the Movants have an interest in the property, and appear to have a need for some of that property, such as office equipment, technology, and records. However, the government also has a continuing need for some of that property, and Movants have not demonstrated any need for the potentially dangerous seized inventory of Magical Mineral Solution and related products.[2] Furthermore, the government has retained the Movants' property for

---

[2] The government acknowledged that it no longer needed some of the seized property and represented that it would return an iPhone allegedly belonging to Karis Delong, which had no apparent use to the government because it had been

ORDER ADDRESSING MOTIONS ~ 7

nearly nine months without issuing an indictment, increasing the likelihood of harm to the Movants' businesses. Despite those factors, the Court finds no showing by the Movants of irreparable harm at this point in time.

Finally, regarding the fourth factor, the Movants are not without an adequate remedy at law because the government's investigation is active and ongoing, and it appears headed toward a criminal prosecution, at which time the Rule 41(g) motions could be renewed within the criminal case itself. *See Ramsden*, 2 F.3d at 326; ECF No. 31 at 6-13 (testimony of Agent Borden explaining that the investigation has been broad in scope in that it has involved review of numerous gigabytes of electronic information and has examined the shipping of

"wiped and . . . turned off from a remote location," along with several other items seized from the Movants' properties. ECF No. 31 at 13. Therefore, it is troubling that, according to the letters submitted by Mr. Smith, the government has not returned the iPhone as of the date of this pleading. ECF Nos. 40 & 41. However, the government appeared to have made provisions to return: (1) a "Seagate Free Agent 1500 GB [hard drive?]," a "Stealth MXP USB thumb drive," a "Disk Go USB Drive," an "HP Presario A900 Laptop computer," and a "Seagate Free Agent USB Drive," to Movant Mr. Smith, ECF No. 40; and (2) a "Sandisk USB thumb drive," a "Toshiba Satellite laptop computer," "E Machines Desktop computer," and an "I Omega external hard drive" to Movant Mr. Darjany, ECF No. 41.

ORDER ADDRESSING MOTIONS ~ 8

approximately 70,000 packages by Project Greenlife throughout the United States and the world and representation by Mr. Parisi that the prosecution expects the investigation to be ongoing and result in a presentation to a grand jury for an indictment).

For the foregoing reasons, the Court declines to exercise its equitable jurisdiction over the Movants' pre-indictment Rule 41(g) motions, and those motions, ECF Nos. 2, 3, 4, & 25, are denied.

**Motion for Reconsideration**

Mr. Smith moves the Court to reconsider its January 25, 2012, Order at ECF No. 19 with respect to its determination that Mr. Smith, proceeding pro se, may file motions and appear in his personal capacity, but may not seek relief on behalf of "Project Greenlife PMA, a Private Membership Association." ECF No. 19 at 4 (Order); ECF No. 24 (motion for reconsideration). The Ninth Circuit has held that reconsideration of orders, such as summary judgment orders, could be appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or, v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

None of these circumstances is present here. Rather, associations, like corporations, cannot be represented in court, or in court filings, by a layperson; they must appear through an attorney. *Church of New Testament v. United States*,

783 F.2d 771, 773-74 (9th Cir. 1986) (compiling cases).  Moreover, "non-attorney litigants may not represent other litigants." *Church of the New Testament*, 783 F.2d at 774.  The Court denies Mr. Smith's motion for reconsideration, ECF No. 24.  Mr. Smith cannot appear for Project Greenlife to pursue any claims on its behalf.

### **Motion for Immediate Return of All Property Based Upon New Evidence and Accompanying Motion for Leave to File**

Mr. Smith moves for leave to file, ECF No. 20, a motion that he simultaneously filed seeking immediate return of all property, ECF No. 21, in light of the recent U.S. Supreme Court decision in *United States v. Jones*, 132 S.Ct. 945 (2012).  The Court grants Mr. Smith's motion for leave to file, ECF No. 20, and considers Mr. Smith's motion at ECF No. 21.  In Mr. Smith's underlying motion for immediate return of all property, ECF No. 21, he asserts that a Global-Positioning-System ("GPS") tracking device was affixed to Ms. DeLong's vehicle, so the seizure of property in this case is affected by the *Jones,* 132 S.Ct. 945, decision, which concerned the applicability of the Fourth Amendment to instances where law enforcement attach GPS devices to vehicles.  Because the Court already has determined that it will not assume jurisdiction over the Rule 41(g) motions for return of property and because any search of Ms. DeLong's vehicle is not before the Court on any of those Rule 41(g) motions, the Court finds that Mr. Smith's arguments should be directed toward the issue of whether evidence should be

ORDER ADDRESSING MOTIONS ~ 10

suppressed in a criminal proceeding. The motion for immediate return of property, ECF No. 21, on the basis of *Jones*, 132 S.Ct. 945, is denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Mr. Olson's, **ECF No. 2**, Mr. Darjany's, **ECF No. 3**, and Mr. Smith's, **ECF No. 4**, motions to quash, suppress, and return property are **DENIED IN REMAINING PART WITHOUT PREJUDICE,** and Mr. Smith's "Motion to Hold Evidence Seized from 78 Parcels Pending Criminal Investigation of Agents and Actors or To Compel the Return of Items Seized for Failure to Establish Probable Cause of Title 11 Violations," **ECF No. 25,** is **DENIED WITHOUT PREJUDICE**. The Movants may move to reopen their case and renew their motions for return of property in the event that the investigation does not result in an indictment and/or the Government appears to have abandoned its investigation at the conclusion of 90 days after the date of this Order.

2. Mr. Smith's Motion for Leave to File, **ECF No. 20**, is **GRANTED**, and Mr. Smith's Motion for Immediate Return of All Property Based Upon New Evidence, **ECF No. 21**, is **DENIED**.

3. Mr. Smith's Motion for Reconsideration of the Court's Order at ECF No. 19, **ECF No. 24**, is **DENIED**.

4. Mr. Smith's Motion to Strike Submissions for Lack of Standing, ECF No. 37, **ECF No. 37**, is **DENIED**.

The District Court Executive is directed to enter this Order, enter Judgment in accordance with this Order, provide copies to counsel and to Movants, and close the file in this matter.

**DATED** this 2nd day of April 2012.

                        *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
                     Chief United States District Court Judge